In the Matter of FRANK LOPINTO, Respondent, against ORDWAY TEAD et al., Constituting the Board of Higher Education of the City of New York, et al., Appellants.

First Department, November 27, 1951.

*Helen R. Cassidy* of counsel (*Seymour B. Quel* and *Daniel T. Scannell* with her on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellants.

*Morris Weissberg,* attorney (*Sidney A. Fine* with him on the brief), for respondent.

*Per Curiam.* While appointment must be made during the life of a certification, there is no requirement that an oath be taken and filed before the certification expires. The oath requirement is a condition subsequent to appointment and must be complied with before the employee enters upon the discharge of his duties. No time limitation for compliance is prescribed by the statute. Section 30 of the Civil Service Law merely provides that in the event there is a refusal or willful failure to take and file an oath the employment is to terminate. It implies the existence of an employee-employer relationship before the oath is taken.

Consequently, in this case the filing of the oath more than thirty days after certification did not vitiate an appointment validly made during the effective period of the certification. As the other grounds urged by petitioner furnish no basis for the granting of relief sought, the order appealed from should be reversed, with $20 costs and disbursements, the application denied and the petition dismissed.

PECK, P. J., GLENNON, DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, the application denied and the petition dismissed. Settle order on notice.